Allyson N. Ho *(pro hac vice pending)*
Bradley G. Hubbard *(pro hac vice pending)*
Matthew Scorcio *(pro hac vice pending)*
Elizabeth A. Kiernan *(pro hac vice pending)*
Stephen J. Hammer *(pro hac vice pending)*
Bryston C. Gallegos *(pro hac vice pending)*
Jason J. Muehlhoff *(pro hac vice pending)*
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile:   (214) 571-2900
*aho@gibsondunn.com*

Andrew W. Gould
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
State Bar No. 013234
*agould@firstliberty.org*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Rooks, | CASE NO. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Peoria Unified School District, | |
| Defendant. | |

## INTRODUCTION

1.     For centuries, public officials in the United States have quoted scripture while carrying out their official duties.  When President Biden addressed the nation in 2021 after withdrawing American troops from Afghanistan, he said that military members "have drawn inspiration from the Book of Isaiah, when the Lord says, 'Whom shall I send . . . who shall go for us?'  And the American military has been answering for a long time: 'Here am I, Lord.  Send me.'"[1]  When President Lincoln addressed the nation at his second inauguration in 1865, he reminded Americans that the Book of Matthew teaches "[t]he Almighty has His own purposes.  'Woe unto the world because of offences for it must needs be that offences come; but woe to that man by whom the offence cometh.'"[2]   And when President Washington resigned his command of the Continental Army in 1783, he quoted Micah 6:8 in praying that "God would have you and the State over

---

[1]     Remarks by President Biden on the Terror Attack at Hamid Karzai International Airport (Aug. 26, 2021) (quoting Isaiah 6:8–9), *available at* https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/08/26/remarks-by-president-biden-on-the-terror-attack-at-hamid-karzai-international-airport/ (last accessed Sept. 25, 2023).

[2]     Second Inaugural Address (Mar. 4, 1865) (quoting Matthew 18:7), *available at* https://www.loc.gov/resource/lprbscsm.scsm0304/ (last accessed Sept. 25, 2023).

*(Cont'd on next page)*

which you preside . . . to do Justice, to love mercy and to demean ourselves, with . . . the Characteristicks of the Divine Author of our blessed Religion."[3]

2.      Heather Rooks isn't a famous historical figure or a household name, but she too wants to be part of the longstanding tradition of government officials solemnizing public occasions in this way.  Elected to the Peoria Unified School District Governing Board in 2022 with the most votes in the District's history, Rooks took her seat in early 2023.  She participates in public meetings where the Board enacts policies and procedures, manages the District's finances, and makes personnel decisions.  During each meeting, the agenda includes a brief "Board comments" period where individual Board members may offer remarks of their own choosing.  Since the beginning of her public service on the Board, Rooks has opened her comments by quoting a short scripture from the Bible.

3.      Rooks' brief recitation of scripture at the Board meetings made her the target of outside activist groups, who barraged her with complaints, grievances, and threats of legal action.  The Board, too, has warned Rooks that, in the Board's view, quoting scripture during a public meeting is unlawful.  To vindicate her statutory and constitutional rights as a Board member and citizen, Rooks respectfully brings this action to declare those

---

[3]   Letter from G. Washington to the States (June 8, 1783) (quoting Micah 6:8), *available at* https://founders.archives.gov/documents/Washington/99-01-02-11404 (last accessed Sept. 25, 2023).

rights—and to dispel the confusion that has regrettably clouded a practice as old as the Republic itself. After all, the current U.S. President, the first U.S. President, and an unbroken chain of U.S. officials in between have quoted scripture to solemnize official occasions or speeches, encourage their fellow citizens, and fortify themselves to carry out their official duties. There is nothing unlawful about Rooks doing likewise.

4. Arizona's history, too, confirms that using religious references to solemnize public occasions is common, lawful, and accepted in this State. When Arizona's Supreme Court "review[ed] Arizona history and scan[ned] the present day horizon," it concluded that "religion has never been hermetically sealed off from other institutions in this state, or the nation." *Kotterman v. Killian*, 972 P.2d 606, 622–23 (Ariz. 1999) (en banc). The State's Constitution begins with the preamble "We, the people of the State of Arizona, grateful to Almighty God for our liberties, do ordain this Constitution." *Id.* at 623. And "to this day[,] Arizona legislative sessions begin with a prayer delivered by the Chaplain of the Day." *Id.* The Peoria City Council also begins each meeting with a prayer.[4]

---

[4] City Council Meeting Notice & Agenda (Sept. 19, 2023), *available at* https://peoriaaz.novusagenda.com/agendapublic/MeetingView.aspx?MeetingID=945&MinutesMeetingID=-1&doctype=Agenda (last accessed Sept. 25, 2023) (listing "Invocation" on meeting agenda); City Council Meeting – 09/19/2023 (Sept. 19, 2023), *available at* https://peoriaaz.ompnetwork.org/embed/sessions/277114/city-council-meetings-09-19-2023 (last
*(Cont'd on next page)*

4

5.      Rooks' use of quotations from a sacred and historical text—the world's best-selling book—to solemnize public occasions and fortify herself to perform her official duties fits comfortably within a longstanding, well-accepted tradition.  This Court should declare its lawfulness and dispel the threats that have forced Rooks to suspend her practice of it.

## JURISDICTION AND VENUE

6.      This civil rights action raises federal questions under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983, and state-law questions under the Arizona Constitution and the Free Exercise of Religion Act, Ariz. Rev. Stat. Ann. §§ 41-1493–41-1493.04.

7.      This Court has original jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343, and it has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the claims brought under federal law.

8.      For the federal claims, this Court can grant the requested declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, and for the state-law claims, it can grant the requested relief under Ariz. Rev. Stat. Ann. § 41-1493.01(D) and Ariz. Rev. Stat. Ann. § 12-1831.

accessed Sept. 25, 2023) ("Please stand for the invocation by Dr. Steve Isaac of the Reunion Church . . . ").

9.      This Court can award the requested nominal damages under 28 U.S.C. § 1343 and Ariz. Rev. Stat. Ann. § 41-1493.01(D), and it can grant costs and attorney's fees under 42 U.S.C. § 1988 and Ariz. Rev. Stat. Ann. § 41-1493.01(D).

10.     Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred within the District.

**THE PARTIES**

11.     Heather Rooks is a Peoria Unified School District Governing Board member who resides in the School District.  She is the mother of four children who attend school in the District.

12.     Peoria Unified School District is the Arizona public school district spanning much of the Northwest Valley.  The District serves more than 36,000 students across 42 schools.  The Peoria Unified School District Governing Board consists of five members, each of whom resides within the school district and is elected to four-year terms.  Members serve without compensation and are elected in conjunction with state and federal elections every two years.  The Board is responsible for making policy for the District, ensuring the District has adequate resources, and hiring the superintendent.  The Board doesn't manage day-to-day operations of any school, nor does the Board itself educate or teach any students.

**FACTUAL BACKGROUND**

**I.     Heather Rooks begins serving as a school board member.**

13.     As a civic-minded mother of four children attending school in the District, Rooks began attending Board meetings and monitoring the Board's policy decisions in 2021.

14.     Rooks soon decided to run for a seat on the Board.  In November 2022, voters in the District elected her with the most votes in the District's history.  She began her term as a Board member in January 2023.

15.     As a Board member, one of Rooks' primary responsibilities is attending and participating in Board meetings.  The Board typically meets twice a month to vote on various issues relating to school policy, evaluate budgets, answer questions, and listen to concerns from the community.

16.     Board meetings are open to the public and entirely voluntary for anyone to attend, watch online, or not attend at all.  Attendees regularly come and go as they desire.  There's no obligation or requirement that an attendee stay for any particular amount of time or for any particular reason.  At various times, the Board will invite people who have been recognized for their work or accomplishments to leave before the meeting moves on to other, unrelated matters, if they so choose.

17.     Board meetings regularly begin with a moment of silence, followed by reciting the Pledge of Allegiance, including the line "one nation under God."

## II.     Rooks quotes scripture during her individual Board comments.

18.     Board meeting agendas include a time called "Board comments" for individual Board members to make remarks, including on topics not specifically listed on the agenda.  At the beginning of her comments, Rooks would often recite a brief Bible verse—a simple quotation without elaboration or further comment.  She didn't ask for or prompt anyone else's participation or acknowledgment.  Each time Rooks recited a scripture, she chose the verse to solemnize the occasion and fortify herself to perform her official duties.

19.     After reciting a scripture, Rooks used her Board comments to thank the voters, staff, teachers, parents, and other members of the Board; wish members of the community happy Mother's Day, Father's Day, and Independence Day; and bring attention to various issues affecting the District.

20.     During Rooks' Board comments at her first Board meeting on January 12, 2023, she thanked her supporters, promised to stand firm in her service to the community, and recited Joshua 1:9:  "Have I not commanded you?  Be strong and courageous.  Do not be afraid; do not be discouraged, for the Lord your God will be with you wherever you go."  The Board then heard the superintendent's comments, discussed and approved

8

1

2

official representation to other committees and organizations, and listened to public comment.[5]

3

4

5

6

7

8

9

10

11

12

13

14

21.     During Rooks' Board comments at the February 9, 2023 Board meeting, she recited Isaiah 41:10:  "So do not fear, for I am with you; do not be dismayed, for I am your God.  I will strengthen you and help you; I will uphold you with my righteous right hand."  After Rooks finished her Board comments, including by thanking staff and teachers, the Board heard public comments about various matters and reviewed a variety of governance documents—including a human resources report, a donation report, staff travel requests, and an application from the Department of Veterans Affairs.  The Board continued by voting to approve items including (1) the 2022 audit and financial reports for the District; (2) a temporary funding increase for summer school; and (3) policy changes regarding how the District enrolls and educates children who are in foster care.[6]

15

16

17

22.     Rooks again recited a Bible verse during her Board comments at the February 23, 2023 Board meeting.  She recited Proverbs 22:6:  "Train up a child in the way he should go: and when he is old, he will not depart

18

19

20

21

22

---

[5]   Peoria Unified School District Governing Board Meeting (Jan. 12, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

[6]   Peoria Unified School District Governing Board Meeting (Feb. 9, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

from it." Rooks then finished her Board comments, including by thanking various schools, teachers, and staff for their hard work. The Board's president, David Sandoval, took a moment of silence and asked for thoughts and prayers for a student who had recently passed away. The Board also heard public comments, addressed school social worker salaries, and discussed the master plan regarding school facilities.[7]

23.    During Rooks' Board comments at the March 9, 2023 Board meeting, she recited 1 Corinthians 16:13: "Be on guard. Stay awake, stand firm in your faith, be brave, be strong." After Rooks finished her Board comments, which also included thanking teachers, the Board then appointed a Director of Federal Programs, heard comments from the Superintendent, and approved items on the consent agenda.[8]

24.    During Rooks' Board comments at the April 13, 2023 Board meeting, she recited Psalm 16:8: "I will keep my eyes always on the Lord. With him at my right hand, I will not be shaken." After Rooks finished her Board comments, including by thanking volunteers, staff, and parents, the

---

[7]    Peoria Unified School District Governing Board Meeting (Feb. 23, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

[8]    Peoria Unified School District Governing Board Meeting (Mar. 9, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

*(Cont'd on next page)*

Board appointed a Director of Learning and Teaching, voted on renewing employee health benefits, and listened to a number of informational reports, including on the Arizona legislature.[9]

25.    During Rooks' Board comments at the April 27, 2023 Board meeting, she recited Psalm 16:1: "Keep me safe, my God, for in you I take refuge." After Rooks finished her Board comments, including by thanking staff and teachers, the Board appointed an Executive Director of Facilities and Planning, as well as principals for two of its schools.[10]

26.    During Rooks' Board comments at the May 11, 2023 Board meeting, she paraphrased 1 John 4:4: "God is greater than the giants you face." After Rooks finished her Board comments, including by thanking staff and teachers and wishing mothers a happy Mother's day, the meeting continued with more travel requests, discussions regarding capital assets, contract extensions with various third-party services, and other policy

---

[9]    Peoria Unified School District Governing Board Meeting (Apr. 13, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

[10]    Peoria Unified School District Governing Board Meeting (Apr. 27, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

*(Cont'd on next page)*

matters.  The Board then voted on another round of issues relating to the District's budget and policies.[11]

27.    During Rooks' Board comments at the May 22, 2023 Board meeting, she recited 1 Corinthians 2:5:  "That your faith might not rest in the wisdom of men but in the power of God."  After Rooks finished her Board comments, the Board heard comments from the public on a variety of issues, engaged with the District's Chief Financial Officer regarding a possible school bond, and received a detailed report on the adoption process for certain textbooks for the District.[12]

28.    During Rooks' Board comments at the June 8, 2023 Board meeting, she recited Ephesians 6:13:  "Therefore, put on every piece of God's armor so that you will be able to resist the enemy in the time of evil.  Then after the battle you will still be standing firm."  After Rooks finished her Board  comments,  including  by  congratulating  recent  graduates  and

---

[11]  Peoria  Unified  School  District  Governing  Board  Meeting  (May  11, 2023),  *available at*  https://www.youtube.com/@PUSDOfficialChannel  (last accessed Sept. 25, 2023).

[12]  Peoria  Unified  School  District  Governing  Board  Meeting  (May  22, 2023),  *available at*  https://www.youtube.com/@PUSDOfficialChannel  (last accessed Sept. 25, 2023).

*(Cont'd on next page)*

thanking staff and teachers, the Board appointed an acting superintendent, voted on various school fees, and reviewed enrollment statistics.[13]

29.     During Rooks' comments at the June 22, 2023 Board meeting, she recited Hebrews 10:23:  "Let us hold tightly without wavering to the hope we affirm, for God can be trusted to keep his promise."  After Rooks finished her Board comments, including by thanking the Superintendent, Dr. Jason Reynolds, for helping her when she locked her keys in her car, wishing fathers a happy Father's Day, and wishing all a happy Independence Day, the Board meeting continued, and similar to the others, included discussions and votes over matters relating to educational and school policy.[14]

**III.     Outside activist groups complain, and the District advises Rooks of its view that quoting scripture during Board comments is unlawful.**

30.     Shortly after the February 9, 2023 Board meeting, the legal director for Secular Communities for Arizona, Inc., an activist group that

---

[13]   Peoria Unified School District Governing Board Meeting (June 8, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

[14]   Peoria Unified School District Governing Board Meeting (June 22, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

*(Cont'd on next page)*

says it aims "to ensure a secular state government,"[15] submitted a complaint to the Board asserting that Rooks' recitation of scripture amounted to "unconstitutional proselytizing." Ex. A at 1. The letter argued that Rooks had no right under the First Amendment to quote scripture and that "[t]hese practices violate the Establishment Clause of the First Amendment." Ex. A at 2. The letter further asserted that Rooks violated the Arizona State Constitution, as well as the Governing Board Operation Goals. Ex. A at 4.

31. After receiving Secular Communities' complaint, the Board's legal counsel, Lisa Anne Smith, prepared an email to Board members stating that they couldn't pray or recite scripture during Board meetings.

32. Kimberly Kontra, executive assistant for the Board, sent the Board an email summarizing Smith's legal direction:

> [A] board member acting in their role as such, should not read Scripture during a board meeting, as it violates the Establishment Clause. Legal counsel also stated that the First Amendment is not applicable in this situation, as one is speaking as a member of the public governing body, not an individual. In addition to this topic, it was asked what can be said or shared under Board Comments. The Governing Board attorney stated that Board Comments is meant for a brief summary of current events as it relates to service as a board member, such as school visits, recognizing students, staff, etc. Anything beyond this could be a violation of the Open Meeting Law.

---

[15] Secular AZ, "About Us," available at https://secularaz.org/about-secular-az/ (last accessed Sept. 25, 2023).

14

Ex. B at 1.

33.    During the March 1, 2023 Agenda Planning Meeting—which Rooks as the Board Clerk, Superintendent Reynolds, Board President Sandoval, and Board legal counsel Smith attended online—Rooks sought clarification from Superintendent Reynolds about Smith's legal opinion. Superintendent Reynolds asked Smith to clarify, and Smith stated that her legal opinion that reading scripture during Board meetings violated the Establishment Clause remained unchanged.

34.    Following the Agenda Planning Meeting, Superintendent Reynolds sent a memorandum to Board members documenting the fact that Smith's legal opinion stating that Board members could not recite Scripture during Board meetings remained unchanged.

35.    At the March 9, 2023 Board meeting, shortly after Rooks recited 1 Corinthians 16:13 ("Stay awake, stand firm in your faith, be brave, be strong"), Board President Sandoval interrupted Rooks' Board comments period to tell her that "each one of us has received an email from legal" that "reciting scripture at a board meeting on this side of the dais goes against the Establishment Clause."[16]

---

[16]   Peoria Unified School District Governing Board Meeting (Mar. 9, 2023), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

36.     On May 25, 2023, a staff attorney from Freedom From Religion Foundation, Inc., a national activist and litigation group describing itself "as an umbrella for those who are free from religion and are committed to the cherished principle of separation of state and church,"[17] sent the Board a letter complaining that Rooks was "using her position on the board to foist her personal religious beliefs upon district parents and community members."  Ex. C at 1.  The letter requested "that the Board take whatever action necessary to ensure that Ms. Rooks and all other members of the Board respect the constitutional rights of the Peoria Unified School District community."  Ex. C at 2.  If the Board didn't take such action, Freedom From Religion warned, it "will subject the school district to unnecessary liability and potential financial strain."  Ex. C at 2.  The letter claimed that Freedom From Religion had recently recovered more than $275,000 in legal fees and costs from a school district in a matter it previously litigated.  Ex. C at 2.

37.     Around the time of Rooks' remarks at the June 29, 2023 Board meeting, a Freedom From Religion attorney sent another letter to the Board about Rooks.  This time, the letter made additional demands that "[t]he board should move to censure any school board members who abuse their

---

[17] Freedom From Religion Foundation, "What is FFRF's Purpose?," *available at* https://ffrf.org/faq/item/14999-what-is-the-foundations-purpose (last accessed Sept. 25, 2023).

position by pushing their personal religious beliefs during board meetings" and should "take whatever action necessary to ensure its compliance with the Constitution." Ex. D at 2–3.

38.    On July 12, 2023, the Board's legal counsel, Ms. Smith, emailed the Board in response to Freedom From Religion's letter.  The email made clear that Freedom From Religion and Secular Communities "have threatened that if board members do not stop offering bible verses, they will take further action, such as filing a lawsuit against the District for violating the First Amendment or filing an open meeting law complaint against any board member who recites bible verses." Ex. E at 1.  After explaining why, in the attorney's view, reciting scripture during Board comments violated the Constitution, the email addressed legal liability.  It explained that if sued, the "District would incur significant legal expenses in defending itself against the lawsuit." Ex. E at 2.

39.    In contrast, when Board comments have been used for other general remarks and quotations that don't involve scripture, the District doesn't reprimand the Board member or send out guidance against the practice.  For example, at the August 25, 2022 Board meeting, former Board member Cory Underhill quoted a TED Talk by author Julia Dhar called "How to Disagree Productively and Find Common Ground."  According to Underhill, the TED Talk says that "contempt has replaced conversation" in

society.   Underhill encouraged her listeners to instead maintain an open mind to others' ideas.   No one challenged Underhill's remarks, unlike the District's treatment of Rooks.[18]

## IV.   Under threat of lawsuits and official reprisals, Rooks seeks a judicial determination of her rights.

40.   After months of sustained external pressure from outside activist groups and internal pressure from the Board itself, Rooks felt compelled to stop quoting scripture in her Board comments.   At the July 13, 2023 Board meeting, Rooks explained:

> I received a letter from the School District directing me to stop reciting Bible verses during School Board Meetings.   The District asserts that doing so violates the Establishment Clause of the First Amendment.   Based upon the District's letter, I will refrain from reciting Bible verses at this time and will have my attorneys at First Liberty Institute handle this matter.   Thank you.

41.   To determine her legal rights after receiving threats of legal action and Board action, Rooks filed this declaratory suit.

### FIRST CLAIM FOR RELIEF

### Absolute Legislative Immunity

42.   Rooks incorporates by reference all preceding factual allegations.

---

[18]   Peoria Unified School District Governing Board Meeting (Aug. 25, 2022), *available at* https://www.youtube.com/@PUSDOfficialChannel (last accessed Sept. 25, 2023).

43.     The Board performs legislative functions including setting policy for the school district.  Arizona has made a "legislative delegation of power to the school board" to adopt "regulations" for school governance. *Pendley v. Mingus Union High Sch. Dist. No. 4 of Yavapai Cnty.*, 504 P.2d 919, 924 (Ariz. 1972) (en banc).  "Under Arizona law, the governing board of a school district enacts all policies and procedures for schools." *Canzoneri v. Prescott Unified Sch. Dist.*, 2021 WL 3931269, at *4 (D. Ariz. Sept. 2, 2021).

44.     Members of a state or local board that exercises legislative power have legislative immunity for statements made during formal meetings.  When the "Arizona legislature delegate[s] legislative powers" to "subordinate legislative bodies," their members have "absolute immunity" from suit over any acts done in the course of "performing a legislative function," including "speaking to a legislative body during a formal legislative meeting." *Sanchez v. Coxon*, 854 P.2d 126, 130 (Ariz. 1993) (en banc).

45.     Rooks is one member of the multi-member Board.  Her challenged remarks occurred at formal Board meetings during the official proceedings.

46.     "Freedom of speech and action in the legislature was taken as a matter of course by those who severed the Colonies from the Crown and

founded our Nation." *Tenney v. Brandhove*, 341 U.S. 367, 372 (1951). When Congress enacted the civil rights statutes that form the vehicle for asserting federal rights against state officials, it did not "overturn the tradition of legislative freedom achieved in England by Civil War and carefully preserved in the formation of State and National Governments here," nor did it "subject legislators to civil liability for acts done within the sphere of legislative activity." *Id.* at 376.

47.    Rooks has absolute immunity from federal and state-law claims arising from her statements as a Board member during the official proceedings of a formal Board meeting.

**SECOND CLAIM FOR RELIEF**

**No Violation of the Establishment Clause**

48.    Rooks incorporates by reference all preceding factual allegations.

49.    Rooks' recitation of a Bible passage, without comment, elaboration, or proselytization, during her Board comments doesn't violate the Establishment Clause of the First Amendment. The Establishment Clause provides that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I.

50.    Rooks' practice accords with over 200 years of this Nation's historical practices and understandings. *See Marsh v. Chambers*, 463 U.S. 783, 786 (1983) ("The opening of sessions of legislative and other

deliberative public bodies with prayer is deeply embedded in the history and tradition of this country."). Public officials from Presidents Washington and Lincoln up through President Biden routinely recited scripture while performing their official duties.

51. Rooks' practice likewise accords with Arizona's history and tradition. "[R]eligion has never been hermetically sealed off from other institutions in this state, or the nation." *Kotterman*, 972 P.2d at 622–23. Far from it. Religion "[w]as part of the proceedings" at Arizona's constitutional convention, where "[e]ach day's session was opened [with] a prayer." *Id.* at 623. The preamble to the Arizona Constitution expresses gratitude "to Almighty God for our liberties." *Id.* And "to this day Arizona legislative sessions begin with a prayer delivered by the Chaplain of the Day." *Id.*

52. Rooks' decision to recite scripture to solemnize the proceedings and fortify herself to perform her official duties at the beginning of her Board comments fits comfortably within this tradition. *See Town of Greece v. Galloway*, 572 U.S. 565, 587 (2014) ("The principal audience for these invocations is not, indeed, the public but lawmakers themselves.").

53. Rooks doesn't coerce or call for anyone else's participation. She doesn't ask for anyone to bow their heads, stand, or participate in reading. *See id.* ("That many appreciate these acknowledgments of the divine in our

public institutions does not suggest that those who disagree are compelled to join the expression or approve its content.").

54.    Rooks' recitation of scripture during her Board comments is perfectly consistent with the Establishment Clause.  This Court should declare that Rooks' brief quotations of scripture during her Board comments time at public school board meetings do not violate the Establishment Clause.

**THIRD CLAIM FOR RELIEF**

**Violation of the First Amendment: Freedom of Speech**

55.    Rooks incorporates by reference all preceding factual allegations.

56.    The First Amendment forbids the government from "abridging the freedom of speech," including by regulating protected speech based on its content, message, or viewpoint.  U.S. Const. amend. I.  Speech related to matters of religious concern is entitled to even greater—or "doubl[ed]"—protection under the First Amendment.  *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2421 (2022) ("That the First Amendment doubly protects religious speech is no accident.").

57.    The Supreme Court has made clear that "[t]he manifest function of the First Amendment in a representative government requires that legislators be given the widest latitude to express their views on issues of policy." *Bond v. Floyd*, 385 U.S. 116, 135–36 (1966).  And "[t]he role that

22

elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves on matters of current public importance." *Wood v. Georgia*, 370 U.S. 375, 395 (1962).

58.    The District's official policy and actions—which purport to ensure Rooks does "not read scripture" or "offer bible verses"—regulate her speech based on its content, message, and viewpoint.  The District's policies and actions therefore chill her ability to freely speak, in violation of the First Amendment.

59.    The threat of looming legal liability also chills Rooks' protected right to free speech, in violation of the First Amendment.  *See*, *e.g.*, *United States v. Alvarez*, 567 U.S. 709, 723 (2012) (plurality).

**FOURTH CLAIM FOR RELIEF**

**Violation of the First Amendment: Free Exercise of Religion**

60.    Rooks incorporates by reference all preceding factual allegations.

61.    The First Amendment's Free Exercise Clause restricts the government from "prohibiting the free exercise" of religion.  U.S. Const. amend. I.  "The Clause protects not only the right to harbor religious beliefs inwardly and secretly," but "does perhaps its most important work by protecting the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life." *Kennedy*, 142 S. Ct. at 2421.  The government

23

may not burden "sincere religious practice" by imposing policies that aren't "'neutral' or 'generally applicable.'"  *Id.* at 2421–22.

62.     Rooks' recitation of scripture at Board meetings is motivated by her sincere religious belief.

63.     The District's policy and subsequent official actions directing Rooks to "cease offering Bible verses at Board meetings" are neither neutral nor generally applicable.   On the contrary, they proceed in a manner intolerant of religious belief.  *See id.*

64.     The District's actions in forcing Rooks to stop reciting Bible verses at Board meetings substantially burden her religious exercise by forcing her to choose between following the precepts of her religion and retaining her position as a member of the Board.

65.     The District's actions don't serve a compelling government interest and aren't the least restrictive means of furthering any such interest.  *See Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1882 (2021). The District's actions violate Rooks' First Amendment right to free exercise of religion.

### FIFTH CLAIM FOR RELIEF

### Violation of Arizona's Free Exercise of Religion Act: Burden on Free Exercise of Religion

66.     Rooks incorporates by reference all preceding factual allegations.

67.     Arizona's Free Exercise of Religion Act provides that "government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." Ariz. Rev. Stat. Ann. § 41-1493.01(B). The Act was adopted "to protect Arizona citizens' right to exercise their religious beliefs free from undue governmental interference." *Brush & Nib Studio, LC v. City of Phoenix*, 448 P.3d 890, 918 (Ariz. 2019); *see also* Ariz. Rev. Stat. Ann. §§ 41-1493–41-1493.04.

68.     Rooks' decision to recite scripture at Board meetings is motivated by her sincere religious belief.

69.     The District's direction that Rooks stop reciting scripture at Board meetings substantially burdens her religious exercise by forcing her to choose between following the precepts of her religion and facing official action.

70.     The District's actions don't serve a compelling governmental interest and aren't the least restrictive means of furthering any purported compelling interest and so violate Arizona's Free Exercise of Religion Act.

71.     Rooks is entitled to "appropriate relief against" the District for violating the Act. Ariz. Rev. Stat. Ann. § 41-1493.01(D).

## SIXTH CLAIM FOR RELIEF

## Violation of the Arizona Constitution: Free Speech

72.     Rooks incorporates by reference all preceding factual allegations.

73.     The Arizona Constitution guarantees that "[e]very person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right." Ariz. Const. art. 2, § 6.

74.     Rooks' recitation of scripture at Board meetings is pure speech protected by the Arizona Constitution.

75.     The District's actions in coercing Rooks to stop reciting scripture chill her ability to freely speak. *See Brush & Nib Studio*, 448 P.3d at 901–02. The District's direction that Rooks must "not read scripture" or "offer bible verses" regulates Rooks' speech based on its message, content, and viewpoint.

76.     The District has chilled Rooks' ability to speak freely, in violation of the Arizona Constitution.

## PRAYER FOR RELIEF

Rooks respectfully requests that this Court enter judgment against the District and order the following relief:

A.     Declare that Rooks is entitled to absolute legislative immunity for her recitation of scripture during Board comments.

B.   Declare that Rooks' recitation of scripture during Board comments doesn't violate the federal Establishment Clause or the Arizona Constitution.

C.   Declare that any punishment for Rooks' recitation of scripture during Board comments would violate her rights to free speech and free exercise of religion under the First Amendment to the U.S. Constitution and the Arizona Constitution.

D.   Award Rooks nominal damages for the past violations of her rights and for the District's violation of Arizona's Free Exercise of Religion Act.

E.   Award Rooks her costs and attorney's fees for this lawsuit under Arizona's Free Exercise of Religion Act, Ariz. Rev. Stat. Ann. § 41-1493.01(d), and any other applicable provision of law.

F.   Award Rooks pre- and post-judgment interest.

G.   Grant Rooks any other relief to which she is entitled.

H.   Retain jurisdiction of this matter as necessary for enforcing this Court's orders.

Dated:  September 26, 2023          Respectfully submitted,


 /s/ *Andrew W. Gould*               /s/ *Allyson N. Ho*
Andrew W. Gould                     Allyson N. Ho *(pro hac vice pending)*
FIRST LIBERTY INSTITUTE             Bradley G. Hubbard *(pro hac vice pending)*
2001 W. Plano Parkway               Matthew Scorcio *(pro hac vice pending)*
Ste. 1600                           Elizabeth A. Kiernan *(pro hac vice pending)*
Plano, TX 75075                     Stephen J. Hammer *(pro hac vice pending)*
Telephone: (972) 941-4444           Bryston C. Gallegos *(pro hac vice pending)*
State Bar No. 013234                Jason J. Muehlhoff *(pro hac vice pending)*
*agould@firstliberty.org*           GIBSON, DUNN & CRUTCHER LLP
                                    2001 Ross Avenue, Suite 2100
                                    Dallas, Texas  75201
                                    Telephone:  (214) 698-3100
                                    Facsimile:  (214) 571-2900
                                    *aho@gibsondunn.com*
                                    *bhubbard@gibsondunn.com*
                                    *mscorcio@gibsondunn.com*
                                    *ekiernan@gibsondunn.com*
                                    *shammer@gibsondunn.com*
                                    *bgallegos@gibsondunn.com*
                                    *jmuehlhoff@gibsondunn.com*


*Attorneys for Plaintiff*