# Exhibit A

**From:** Heather Rooks
**To:** agould@firstliberty.org
**Subject:** Fw: [EXTERNAL] New form response notification
**Date:** Friday, February 17, 2023 9:16:41 AM

**From:** Governing Board Input Form <pusdpr@gmail.com>
**Sent:** Sunday, February 12, 2023 1:37 PM
**To:** Heather Rooks <HRooks@pusd11.net>; Rebecca Hill <RHill@pusd11.net>; David Sandoval <DSandoval@pusd11.net>; William Sorensen <WSorensen@pusd11.net>; Melissa Ewing <MeEwing@pusd11.net>; Kimberly Kontra <KKontra@pusd11.net>
**Subject:** [EXTERNAL] New form response notification

**This message originated from outside our district.**

Your form has a new entry. Here are all the answers.

| **Your Name** | Dianne Post |
|---|---|
| **Email Address** | postdlpost@aol.com |
| | February 12, 2023<br>David Sandoval, Governing Board President<br>Heather Rooks, Governing Board Clerk<br>Melissa Ewing, Member<br>Rebecca Hill, Member<br>Dr. Bill Sorenson, Member<br>6330 W. Thunderbird Road<br>Glendale, AZ 85306<br>Sent by online form<br>Dear Governing Board Members,<br>I am writing this letter on behalf of Secular Communities for AZ regarding a constitutional violation. Secular Communities is part of Secular Coalition, a nonprofit organization that represents Arizonans across the state. Our purposes are to protect the constitutional principle of separation between state and church and to educate the public on matters relating to nontheism. We have received complaints about a constitutional violation at your school board meeting on February 9, 2023.<br>During her opening remarks, Member Rooks used her position to engage in unconstitutional proselytizing. At 33:20 on the video tape of the meeting, she read aloud Isaiah 41:10. She addressed students as well thus indicating she knew there were students in the audience. During the public response, a member of the public mentioned that |

reading scripture at a school board meeting was inappropriate. Member Rooks responded at 1:16:30 that she had the right to say whatever she wanted presumably referring to the First Amendment.

That comment indicates a failure to understand the Constitution and the fact that it protects those rights for everyone. No right exists completely unbound. In law school we tritely say that the First Amendment does not give you the right to shout "fire" in a crowded theatre, and that the right to swing my arm in the air ends where your nose begins. Every right in the Constitution, state and federal, has guardrails around it to protect that same right for everyone not a chosen few.

It is beyond the scope of a public-school board to conduct scripture reading as part of its meetings and for a board member to read scripture at meetings while serving in an official capacity at that meeting. These practices violate the Establishment Clause of the First Amendment. See FFRF v. Chino Valley Unified Sch. Dist. Bd. of Educ., 896 F.3d 1132 (9th Cir. 2018), petition for review en banc denied, No. 16-55425 (9th Cir., Dec. 26, 2018); Doe v. Indian River School District, 653 F.3d 256 (3d Cir. 2011), cert. denied, 132 S. Ct. 1097; Bacus v. Palo Verde Unified Sch. Dist., 52 Fed. Appx. 355 (9th Cir. 2002); Coles v. Cleveland Bd. of Educ., 171 F.3d 369 (6th Cir. 1999).

A public-school board is an essential part of the public school system. See Coles, 171 F.3d at 381 ("[T]he school board, unlike other public bodies, is an integral part of the public school system."). Public school boards exist to set policies, procedures, and standards for education within a community. The issues discussed and decisions made at Board meetings are wholly school-related, affecting the daily lives of district students and parents. The Sixth Circuit noted in Coles, "although meetings of the school board might be of a 'different variety' than other school-related activities, the fact remains that they are part of the same 'class' as those other activities in that they take place on school property and are inextricably intertwined with the public school system." Id. at 377.

Further, in Indian River School District the Third Circuit Court of Appeals emphasized that school board prayer (and hence scripture reading) is analogous to other school prayer cases when it comes to protecting children from the coercion of school-sponsored prayer (and proselytizing), which is heightened in the context of public schools. 653 F.3d at 275. In that case, the court held that the school board meetings are "an atmosphere that contains many of the same indicia of coercion and involuntariness that the Supreme Court has recognized elsewhere in its school prayer jurisprudence." Id. The court's "decision [was]

| | |
|---|---|
| **Feedback** | premised on careful consideration of the role of students at school boards, the purpose of the school board, and the principles underlying the Supreme Court's school prayer case law." Id. at 281. The conclusion was that the school board prayer policy "[rose] above the level of interaction between church and state that the Establishment Clause permits." Id. at 290. Member Rooks was aware that students were present as she specifically stated so. While Board members are permitted to address the Board as private citizens, member Rooks comments were clearly directed to the members of the public in attendance, rather than addressing the Board nor did she announce that she was speaking as a private citizen and descend to the public podium.<br>In a more recent case striking down a school board's prayer practice, the Ninth Circuit Court of Appeals, that covers Arizona, reaffirmed that Establishment Clause concerns are heightened in the context of public schools "because children and adolescents are just beginning to develop their own belief systems, and because they absorb the lessons of adults as to what beliefs are appropriate or right." Chino Valley, 896 F.3d at 1137. The court reasoned that religion at school board meetings "implicates the concerns with mimicry and coercive pressure that have led us to 'be [] particularly vigilant in monitoring compliance with the Establishment Clause.'" Id. at 1146 (quoting Edwards v. Aguillard, 482 U.S. 578, 583–84 (1987).<br>It is important to note that this case is readily distinguishable from the Supreme Court's recent ruling in Kennedy v. Bremerton School District. In Bremerton, the Court held that a high school football coach's silent, private post-game prayer was constitutional. 142 S.Ct. 2407, 2415–16 (2022). Throughout its opinion, the Court repeatedly stressed that the coach silently prayed alone. Id. (the coach "offered his prayers quietly while his students were otherwise occupied."). The prayers "were not publicly broadcast or recited to a captive audience. Students were not required or expected to participate." Id. at 2432. Additionally, the Court concluded the coach's quiet private prayer was private speech. Id. at 2423–24. (the coach's prayer was not given while he was performing official duties such as instructing players, discussing strategy, or encouraging better performance). In contrast, the Board here is allowing a member to use her public position to further her private views.<br>Students and parents have the right—and often have reason—to participate in school board meetings. It is coercive, embarrassing, and intimidating for citizens from a different religion or nonreligious citizens to display deference toward a religious sentiment in which they do not believe, |

but which this school board member does. The dangers presented by these practices are only heightened in situations like the February 9th meeting, during which divisive topics such as gender nonconformity and white supremacy were discussed. The coercive and discriminatory impact of these comments are especially troubling because students affected by these policies were in the audience.

Board members are free to read scripture privately or on their own time in their own way. A member may not however abuse their public position to promote their personal religious beliefs. The Board of Education may not to lend its power and prestige to religion which amounts to a governmental endorsement of religion that excludes the thirty-seven percent of Americans who are non-Christian, including the nearly one in three Americans who now identify as religiously unaffiliated.

The State of Arizona's Constitution has an even stronger provision than the federal ensuring the separation of church and state. The State Constitution provides in Article XX §1:

First. Toleration of religious sentiment

First. Perfect toleration of religious sentiment shall be secured to every inhabitant of this state, and no inhabitant of this state shall ever be molested in person or property on account of his or her mode of religious worship, or lack of the same.

In your own Governing Board Operational Goals, you list A.R.S. §15-341(A)(2) as the legal reference for the requirement that schools must exclude all books, publications, papers, or audiovisual materials of a sectarian, partisan or denominational character. A board member may not read scripture without falling afoul of your own rules. In your oath of office, also in your governing board policy (Board Member Oath of Office), you swear to support the Constitution of the U.S. and AZ. Both constitutions prohibit the establishment of religion by a public body. Also in your Governing Board manual in the section regarding Board Member Ethics, section (A) says that a board member is to represent everyone not a particular interest group. Thus a board member may not promote a particular religion or any religion at all any more than a board member could promote a particular political party. Allowing a Board member to read scripture during a meeting is unconstitutional. We ask that you immediately refrain from this practice to uphold the rights of conscience for everyone embodied in our First Amendment. We also ask that Board members cease using their public position to preach their private religious beliefs during Board meetings. Please inform us in writing at your earliest

|  | convenience of the steps you are taking to remedy these constitutional violations.<br>Sincerely,<br>Dianne Post<br>Legal Director<br>602 271 9019<br>legal@secularaz.org |
|---|---|

Sent via Google Form Notifications