# Exhibit C

# FREEDOM FROM RELIGION *foundation*

P.O. BOX 750 · MADISON, WI 53701 · (608) 256-8900 · WWW.FFRF.ORG

May 25, 2023

**SENT VIA EMAIL & U.S. MAIL: DSandoval@pusd11.net, HRooks@pusd11.net, MeEwing@pusd11.net, rhill@pusd11.net, WSorensen@pusd11.net**

David Sandoval
President, PUSD Governing Board
Peoria Unified School District
6330 West Thunderbird Road
Glendale, AZ 85306

Re:     Repeated abuse of school board position to promote religion

Dear President Sandoval and Board members:

I am writing on behalf of the Freedom From Religion Foundation (FFRF) to request that the Peoria Unified School District take appropriate action to stop board members from using their government positions to promote their personal religious beliefs. FFRF is a national nonprofit organization with more than 40,000 members across the country, including more than 1,000 members and a local chapter in Arizona. Our purposes are to protect the constitutional principle of separation between state and church, and to educate the public on matters relating to nontheism.

A concerned Peoria Unified School District employee has reported that board member Heather Rooks has been using her position on the board to foist her personal religious beliefs upon district parents and community members. Our complainant reports that Ms. Rooks quotes from the bible at every board meeting, and that other members of the board have started to do so also. For instance, at the most recent meeting on May 11, board member Rebecca Hill recited a disturbing bible verse that threatens those who are not Christian, suggesting that non-Christians or those who lead people away from Christ should be drowned in the sea:

> But whoever causes one of these little ones— who believe in me—to stumble and sin by leading him away from my teaching, it would be better for him to have a large millstone hung around his neck and to be drowned in the depths of the sea. - Matthew 18:6.

Ms. Rooks immediately followed this by quoting 1 Corinthians 2:5: "That your faith might not rest in the wisdom of men but in the power of God."

We also understand that Ms. Rooks has openly embraced Christian nationalism and invites her supporters to attend board meetings en masse, sometimes causing disruptions to the official proceedings.

While board members are free to promote their personal religious beliefs however they wish in their personal capacities outside of the school board, as government officials they cannot be allowed to commandeer the board in order to impose their personal religious beliefs on district students, parents, and employees. We ask that the Board take whatever action necessary to ensure that Ms. Rooks and all other members of the Board respect the constitutional rights of the Peoria Unified School District community.

Our Constitution's Establishment Clause—which protects Americans' religious freedom by ensuring the continued separation of religion and government—dictates that the government cannot in any way show favoritism toward religion. As the Supreme Court has put it, "the First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion." *McCreary Cty. v. ACLU,* 545 U.S. 844, 860 (2005); *Wallace v. Jaffree,* 472 U.S. 38*,* 53 (1985); *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968); *Everson v. Bd. of Educ. of Ewing,* 330 U.S. 1, 15–16 (1947).

Moreover, "the preservation and transmission of religious beliefs and worship is a responsibility and a choice committed to the private sphere." *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 310 (2000) (quoting *Lee*, 505 U.S. at 589). Allowing board members to use their positions to promote their personal religious beliefs to students and community members during a school board meeting violates these constitutional limits on government religious coercion and sends a message that the government supports religion in general and Christianity specifically. By proselytizing during school board meetings, school board members send a religious message on behalf of the Board that is "impermissible because it sends the ancillary message to . . . nonadherents 'that they are outsiders, not full members of the political community, and an accompanying message to adherents that they are insiders, favored members of the political community.'" *Santa Fe Indep. Sch. Dist.*, 530 at 309–10 (quoting *Lynch v. Donnelly*, 465 U.S. 668, 688 (1984) (O'Connor, J., concurring)). Furthermore, the Ninth Circuit Court of Appeals has upheld restrictions on employee speech in the course of their government job when such restrictions exist to avoid Establishment Clause violations. *Berry v. Dept. of Soc. Serv.*, 447 F.3d 642 (9th Cir. 2006). "There is no doubt that compliance with the Establishment Clause is a state interest sufficiently compelling to justify content-based restrictions on speech," including in public fora. *Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1151 (9th Cir. 2018) (internal citation omitted).

If board members continue to impose religion on those in attendance, it will subject the school district to unnecessary liability and potential financial strain. When FFRF secured a court order against a California school district regarding its school board prayers, the court ordered the district to pay more than $200,000 in the plaintiffs' attorney fees and costs. *Freedom From Religion Found. v. Chino Valley Unified Sch. Dist.*, No. 5:14-cv-02336-JGB-DTB (C.D. Cal. Feb. 18, 2016).[1] After appeal, the court ordered the district to pay an additional $75,000 for plaintiffs' attorney fees and costs associated with the appeal for a total of more than a quarter million dollars.

---

[1] https://ffrf.org/uploads/legal/FFRFvChinoValley_FeeOrder.pdf

The statements of school board members are attributable to the district. It is inappropriate and unconstitutional for the district or its agents to promote a religious message because it conveys government preference for religion over nonreligion. The Supreme Court has ruled, "[t]he Establishment Clause, at the very least, prohibits government from appearing to take a position on questions of religious belief." *Cty. of Allegheny v. Am. Civil Liberties Union, Greater Pittsburgh Chapter*, 492 U.S. 573, 593–94 (1989).

As school board members, you serve a diverse population that consists not only of Christians, but also minority religious and nonreligious staff members. Religious communications made in your official capacity send a message that excludes those who are among the 37 percent of Americans who are non-Christians, including the nearly one in three adult Americans (29 percent) who are religiously unaffiliated.[2] Religious endorsements coming from your position on the school board needlessly alienate the non-Christian and nonreligious residents of the Peoria Unified School District, turning them into outsiders in their own community. While many residents may support these religious sentiments, a significant proportion are excluded by them.

While board members are certainly free to express their religious beliefs in their private capacity outside of their role as board members, it is unconstitutional for school board members to push their personal religious beliefs during school board meetings. We request that members of the Board refrain from discussing their religious beliefs during meetings in order to uphold the rights of conscience embodied in our First Amendment, and that the Board take whatever action necessary to ensure its compliance with the Constitution. Please inform us in writing at your earliest convenience with an assurance that this won't happen again in the future.

Sincerely,

Christopher Line
Staff Attorney
Freedom From Religion Foundation

---

[2] Gregory A. Smith, *About Three-in-Ten U.S. Adults Are Now Religiously Unaffiliated*, Pew Research Center (Dec. 14, 2021), www.pewforum.org/2021/12/14/about-three-in-ten-u-s-adults-are-now-religiously-unaffiliated/.