# Exhibit E



**From:** Heather Rooks <HRooks@pusd11.net>
**Date:** Thursday, July 13, 2023 at 11:00 AM
**To:** Andy Gould <agould@firstliberty.org>
**Subject:** Fw: ATTORNEY CLIENT PRIVILEGED COMMUNCIATION: Freedom from Religion Foundation letter

---

**From:** Smith, Lisa Anne <lasmith@dmyl.com>
**Sent:** Wednesday, July 12, 2023 9:06 PM
**To:** David Sandoval <DSandoval@pusd11.net>; Rebecca Hill <RHill@pusd11.net>; Heather Rooks <HRooks@pusd11.net>; William Sorensen <WSorensen@pusd11.net>; Melissa Ewing <MeEwing@pusd11.net>
**Cc:** Kimberly Kontra <KKontra@pusd11.net>; Kevin Molino <KMolino@pusd11.net>
**Subject:** [EXTERNAL] ATTORNEY CLIENT PRIVILEGED COMMUNCIATION: Freedom from Religion Foundation letter

**This message originated from outside the district. Do not click links, open attachments, or reply unless you recognize the sender and know the content is safe.**

Board members,

I believe that you all received a copy of the attached letter from the Freedom from Religion Foundation. As you know, this is not the first time that you have been asked by this entity to refrain from offering bible verses during a Governing Board meeting. The District and I have also been contacted by Secular Arizona regarding the same issue. These entities have threatened that if board members do not stop offering bible verses, they will take further action, such as filing a lawsuit against the District for violating the First Amendment or filing an open meeting law complaint against any board member who recites bible verses.

The law is clear that Board members, acting in their official capacities at Board meetings, may

not pray or offer bible verses at Board meetings because it is a violation of the establishment clause of the U.S. Constitution. You are likely familiar with the recent case of *Kennedy v. Bremerton School District*, in which the Supreme Court upheld a coach's right to pray on the football field after a football game. In that case, the Supreme Court relied on the fact that the coach's prayer was a silent, post-game activity that happened when students were busy doing other things. The Supreme Court also relied on the fact that the coach's prayer was private speech, because he was not performing his official duties when he engaged in the prayer. This contrasts with the situation where a board member offers a scripture verse during the meeting itself, while the board member is acting in his/her official capacity.

Furthermore, Arizona law provides that Governing Boards shall "exclude from schools all books, publications, papers or audiovisual materials of a sectarian, partisan or denominational character." While an oral bible verse offered at a board meeting does not fall squarely within this restriction, this law makes it clear that is the Governing Board's role to keep sectarian materials out of the public schools.

In addition, offering bible verses during a board report is a violation of the Open Meeting Law. The Open Meeting Law prohibits the board, and individual board members, from addressing items not on the agenda during an open meeting. Governing Board reports are permitted pursuant to A.R.S. 38-431.02(H), which permits a board member to "present a brief summary of current events without listing in the agenda the specific matters to be summarized," if the summary is listed in the agenda and no discussion or action is taken. Your agenda does list Board Reports on the agenda and states, "The purpose of this item is for Board members to publicly recognize schools, groups, or individuals who have made a contribution to the district, as well as share information related to their service as Board members." Bible verses offered during the Board reports section of the meeting are not properly part of a permissible "summary of current events" and are not within the description set forth on your agendas.

The risk to the District and to individual board members if board members continue to recite bible verses is twofold. First, one or more of these entities, or individual community members, could sue the school district for violating the First Amendment. Should this occur, the District would incur significant legal expenses in defending itself against the lawsuit. If the District lost, which is likely, it would also almost certainly be required to pay the attorneys' fees for the plaintiffs, which would be significant. If the case went to trial, the fees could exceed $100,000. In addition, if the Attorney General were to pursue an open meeting law complaint, she could do so against both the District as a whole and any individual board member who violates the open meeting law. Violations of the open meeting law can result in fines levied against board members and, in some cases, a lawsuit to remove a board member from office.

For these reasons, it would be in the best interest of the District to cease offering bible verses at Board meetings. Board members are, of course, free to speak to their religious beliefs, to

pray in public, and to offer bible verses on their own time when they are acting as private citizens and not as public officials.

Best,
Lisa Anne

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway, Suite 200
Tucson, AZ  85716
(520) 322-5000
(520) 322-5585 (fax)
lasmith@dmyl.com
www.deconcinimcdonald.com

This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone (520) 322-5000 (call collect).

NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) regarding the official business of the Peoria Unified School District. Any unauthorized review, use, disclosure, or distribution is prohibited. Arizona public records law prohibits the destruction of this communication, and it may be subject to disclosure unless made exempt by state or federal law.