James D. Smith, 016760
David D. Garner, 020459
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
602-640-9000
jsmith@omlaw.com
dgarner@omlaw.com
slawson@omlaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Rooks,<br><br>               Plaintiff,<br><br>v.<br><br>Peoria Unified School District,<br><br>               Defendant. | No. CV-23-02028-PHX-MTL<br><br>ANSWER OF PEORIA UNIFIED SCHOOL DISTRICT |

      Peoria Unified School District ("PUSD") answers Plaintiff's Complaint (Doc. 1). PUSD denies any allegations in the Complaint not specifically admitted.

      1.    The statement is not directed at PUSD, so no response is required. If a response is required, then PUSD denies for lack of information.

      2.    PUSD admits that Plaintiff was elected to the Governing Board in November 2022 and began her term in January 2023. PUSD admits the Governing Board makes policy and personnel decisions for the District and manages the District's finances. PUSD affirmatively states that official Governing Board meeting agendas include a "Board Comments" portion, which Board members have used to make remarks without listing the contents of their remarks on the official meeting agenda. Admits that Plaintiff recited Bible verses during many of her Board Comments remarks. PUSD denies the remaining allegations in this paragraph for lack of information.

3. PUSD affirmatively states that two outside entities contacted the Governing Board or its President three times about Plaintiff's scripture recitals. PUSD admits that the attachments to the Complaint accurately reflect the entities' communication. PUSD affirmatively states that outside counsel for the Governing Board advised Board members that it would be in PUSD's best interest for members to cease reciting Bible verses at Governing Board meetings; outside counsel opined that such recitations violate the Establishment Clause and open meetings law. PUSD affirmatively states that Governing Board President David Sandoval reminded Plaintiff about outside counsel's advice after Plaintiff recited the Bible during her Board Comments remarks. PUSD denies Plaintiff's statement that "[t]here is nothing unlawful" about her scripture recitals. PUSD denies all remaining allegations in this paragraph for lack of information.

4. PUSD admits only that Plaintiff accurately quotes *Kotterman v. Killian*, 972 P.2d 606, 622–23 (Ariz. 1999). PUSD denies that this law applies to this case. PUSD denies Plaintiff's statement about the Peoria City Council for lack of information.

5. Denied.

6. PUSD admits only that Plaintiff alleges claims under the constitutional provisions and laws identified.

7. PUSD admits only that this Court has original jurisdiction over federal claims and supplemental jurisdiction over state law claims that form part of the same case or controversy as the federal claims.

8. PUSD admits only that this Court has the authority to grant declaratory relief under the cited law.

9. PUSD admits only that this Court has the authority to grant such relief.

10. PUSD admits only that venue in this Court is proper based on Plaintiff's allegations.

11. PUSD admits that Plaintiff is a Governing Board member. PUSD denies the remaining allegations in this paragraph for lack of information.

12. Admitted.

13. Denied for lack of information.

14. PUSD admits that Plaintiff was elected to her Governing Board seat in 2022 and began her term as a Governing Board member in January 2023. PUSD denies the remaining allegations in this paragraph for lack of information.

15. Admitted.

16. This allegation is vague and ambiguous as to the terms "regularly" and "various." Without interpreting the language Plaintiff chose, PUSD affirmatively states that the Governing Board sometimes invites members of the District to be recognized for their accomplishments at meetings. Admits that meetings are open to the public (other than executive session) and that attendance is not mandatory. PUSD denies the remaining allegations in this paragraph for lack of information.

17. This allegation is vague and ambiguous as to the term "regularly." Without interpreting the language Plaintiff chose, PUSD affirmatively states that Board Members have observed a moment of silence and recited the Pledge of Allegiance at Governing Board meetings.

18. This allegation is vague and ambiguous as to the terms "brief" and "simple." Without interpreting the language Plaintiff chose, PUSD affirmatively states that official Governing Board meeting agendas include a "Board Comments" portion, which Board members have used to make remarks without listing the contents of their remarks on the official meeting agenda. PUSD admits that Plaintiff recited Bible verses during many of her Board Comments remarks. PUSD denies the remaining allegations in this paragraph for lack of information.

19. PUSD admits only that Plaintiff recited scripture during some of her Board Comments remarks. Admits that Plaintiff made other statements during her Board Comments remarks. PUSD affirmatively states that the video recordings of

1  Governing Board meetings accurately reflect Plaintiff's remarks during the Board
2  Comments portion of meetings.
3      20.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
4  affirmatively states that the video recording of the January 12, 2023 Governing Board
5  meeting speaks for itself regarding comments by Board members and the public.
6      21.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
7  affirmatively states that the video recording of the February 9, 2023 Governing Board
8  meeting speaks for itself regarding comments by Board members and the public.
9      22.  PUSD admits only that Plaintiff recited a Bible verse as alleged and that
10 President Sandoval made the attributed comments during the meeting. PUSD
11 affirmatively states that the video recording of the February 23, 2023 Governing Board
12 meeting speaks for itself regarding comments by Board members and the public.
13     23.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
14 affirmatively states that the video recording of the March 9, 2023 Governing Board
15 meeting speaks for itself regarding comments by Board members and the public.
16     24.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
17 affirmatively states that the video recording of the April 13, 2023 Governing Board
18 meeting speaks for itself regarding comments by Board members and the public.
19     25.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
20 affirmatively states that the video recording of the April 27, 2023 Governing Board
21 meeting speaks for itself regarding comments by Board members and the public.
22     26.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
23 affirmatively states that the video recording of the May 11, 2023 Governing Board
24 meeting speaks for itself regarding comments by Board members and the public.
25     27.  PUSD admits only that Plaintiff recited a Bible verse as alleged. PUSD
26 affirmatively states that the video recording of the May 22, 2023 Governing Board
27 meeting speaks for itself regarding comments by the public.
28

28.     PUSD admits only that Plaintiff recited a Bible verse as alleged.  PUSD affirmatively states that the video recording of the June 8, 2023 Governing Board meeting speaks for itself regarding comments by Board members and the public.

29.     PUSD admits only that Plaintiff recited a Bible verse as alleged.  PUSD affirmatively states that the video recording of the June 22, 2023 Governing Board meeting speaks for itself regarding comments by Board members and the public.

30.     PUSD admits only that the Secular Communities for Arizona website says it was formed "to ensure a secular state government."  PUSD affirmatively states that the legal director for Secular Communities for Arizona submitted a feedback form through the Governing Board's webpage informing the Board that the organization received complaints about a constitutional violation at the Governing Board Meeting on February 9, 2023.  PUSD admits that Exhibit A to the Complaint is a true and correct copy of the Secular Communities for Arizona's communication.  PUSD denies the remaining allegations in this paragraph.

31.     Following a reasonable investigation, PUSD believes that Plaintiff's chronology is incorrect.  PUSD believes that Ms. Smith did not provide such an email.  Thus, PUSD denies this paragraph.

32.     PUSD admits that Plaintiff accurately quotes Kimberly Kontra's February 22, 2023, email to the Governing Board.

33.     PUSD admits only that outside counsel provided her privileged legal advice in an agenda planning meeting, but PUSD cannot be certain at which agenda planning meeting.

34.     Following a reasonable investigation, PUSD cannot find any such alleged memorandum in this timeframe.  Thus, PUSD denies this paragraph.

35.     PUSD affirmatively states that, after Plaintiff recited scripture during the Board Comments portion of the March 9, 2023 meeting, President David Sandoval reminded Plaintiff that "each one of us has received an email from legal around discussing items that aren't on the agenda during board comments and how doing so

goes against open meeting law." President Sandoval continued, "We were also told that reciting scripture at a board meeting on this side of the dais goes against the Establishment Clause as well."

36. PUSD admits that Exhibit C to the Complaint is a true and correct copy of the communication from the Freedom From Religion Foundation Inc. Denies the remaining allegations for lack of information.

37. PUSD admits that Exhibit D to the Complaint is a true and correct copy of the communication from the Freedom From Religion Foundation Inc.

38. PUSD admits that Exhibit E to the Complaint is a true and correct copy of communication from the Governing Board's outside counsel. Affirmatively states that Plaintiff was not authorized to waive the Governing Board's attorney-client privilege and, at a minimum, should have filed the document under seal.

39. PUSD admits that former Governing Board member Cory Underhill quoted a TED Talk by Julia Dhar entitled "How to Disagree Productively and Find Common Ground" during the Board Comments section of the August 25, 2022 meeting. PUSD affirmatively states that the video recording of the August 25, 2022 Governing Board meeting speaks for itself regarding Cory Underhill's remarks. Affirmatively states that Cory Underhill's TED Talk reference was the only instance of such a comment and that the Governing Board did not receive complaints regarding it.

40. PUSD admits that Plaintiff accurately quotes a portion of the July 13, 2023 meeting. PUSD denies all other allegations in this paragraph for lack of information.

41. Denied for lack of information.

42. PUSD incorporates its responses to the foregoing paragraphs.

43. This allegation is vague and ambiguous as to the term "legislative functions." Without interpreting the language Plaintiff chose, PUSD affirmatively states that the Governing Board sets policy for the District. The remainder of paragraph 43 comprises legal conclusions to which no response is necessary.

44. Paragraph 44 states legal conclusions to which no response is necessary.

45. Admitted.

46. Paragraph 46 states legal conclusions to which no response is necessary.

47. Paragraph 47 states a legal conclusion to which no response is necessary. PUSD affirmatively states that it has not threatened and is not pursuing legal claims against Plaintiff, so there is no reason to seek a declaration of legislative immunity vis-à-vis PUSD.

48. PUSD incorporates its responses to the foregoing paragraphs.

49. PUSD admits only that Plaintiff accurately quotes the Establishment Clause. PUSD denies all other allegations in this paragraph.

50. PUSD admits only that Plaintiff accurately quotes *Marsh v. Chambers*, 463 U.S. 783, 786 (1983). PUSD denies that this law applies to this case. Plaintiff's statement concerning presidents reciting scripture is not directed at PUSD, so no response is required. If a response is required, then PUSD denies for lack of information. PUSD denies all other allegations in this paragraph.

51. PUSD admits only that Plaintiff accurately quotes *Kotterman*, 972 P.2d at 622–23. PUSD denies that this law applies to this case. PUSD denies all other allegations in this paragraph.

52. PUSD admits only that Plaintiff accurately quotes *Town of Greece N.Y. v. Galloway*, 572 U.S. 565, 587 (2014). PUSD denies that this law applies to this case. PUSD denies all other allegations in this paragraph.

53. PUSD admits only that Plaintiff accurately quotes *Town of Greece, N.Y. v.*, 572 U.S. at 587. PUSD denies that this law applies to this case. PUSD denies all other allegations in this paragraph.

54. Denied.

55. PUSD incorporates its responses to the foregoing paragraphs.

56. PUSD admits only that Plaintiff accurately summarizes the law. PUSD denies that this law applies to this case.

57. PUSD admits only that Plaintiff accurately quotes the law. PUSD denies that this law applies to this case.

58. Denied

59. Denied.

60. PUSD incorporates its responses to the foregoing paragraphs.

61. PUSD admits only that Plaintiff accurately quotes the First Amendment Free Exercise Clause and a portion of *Kennedy*. PUSD denies that this law applies to this case.

62. Denied for lack of sufficient information.

63. Denied.

64. Denied.

65. Denied.

66. PUSD incorporates its responses to the foregoing paragraphs.

67. PUSD admits only that Plaintiff accurately quotes A.R.S. § 41-1493.01(B) and *Brush & Nib*. PUSD denies that this law applies to this case.

68. Denied for lack of sufficient information.

69. Denied.

70. Denied.

71. Denied.

72. PUSD incorporates its responses to the foregoing paragraphs.

73. PUSD admits only that Plaintiff accurately quotes the Arizona Constitution, article 2, § 6.

74. Denied.

75. Denied.

76. Denied.

**Affirmative Defenses**

77. Plaintiff's Complaint fails to state a claim against PUSD for which relief may be granted.

78. The Court lacks subject-matter jurisdiction over Plaintiff's claims. Plaintiff does not have standing to bring her claims and Plaintiff has not suffered an injury in fact.

Having fully answered Plaintiff's Complaint, PUSD respectfully requests that the Court deny all relief Plaintiff requested, enter judgment in favor of PUSD, award PUSD its taxable costs, and grant any other relief the Court deems appropriate.

DATED this 11th day of December, 2023.

OSBORN MALEDON, P.A.

By s/ James D. Smith
    James D. Smith
    David D. Garner
    Sarah P. Lawson
    2929 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012

Attorneys for Defendant

10167745.2